UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **PAAKline, LLC,** § | |
| *Plaintiff* § | |
| § | |
| v. § | |
| § | **Case No. 22-CV-1082-DII** |
| **THE INDIVIDUALS,** § | |
| **PARTNERSHIPS, AND** § | |
| **UNINCORPORATED** § | |
| **ASSOCIATIONS IDENTIFIED ON** § | |
| **SCHEDULE "A",** § | |
| *Defendants* | |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE DISTRICT COURT**

Before the Court is Plaintiff PAAKline, LLC's Motion for Entry of Default Final Judgment, filed July 6, 2023 (Dkt. 69). By Text Order entered July 21, 2023, the District Court referred the Motion to this Magistrate Judge for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

### I.   Background

Plaintiff PAAKline, LLC filed suit against 193 Defendants, asserting claims for federal trademark counterfeiting and infringement under 15 U.S.C. § 1114, false designation of origin under 15 U.S.C. § 1125(a), common law unfair competition, common law trademark infringement, and copyright infringement under 17 U.S.C. § 106. Dkt. 1. PAAKline now brings this Motion for

1

Entry of Default Final Judgment against 124 Defendants identified on Schedule "A" to the Complaint (Dkt. 1-4) ("Defaulting Defendants").[1]

PAAKline sells a paint roller cleaning tool called a CleanSleeve. Dkt. 1 ¶¶ 13, 21. PAAKline alleges that it owns three federal registrations on the Principal Register for trademarks consisting of or comprising PAAKLINE. *Id.* ¶¶ 22-23. Plaintiff also alleges that it owns copyright registrations for five photographs showing its CleanSleeve products ("Works"). *Id.* ¶¶ 41-42.

The Defaulting Defendants are foreign individuals or businesses that sell products in Texas. *Id.* ¶¶ 48-49. PAAKline alleges that the Defaulting Defendants infringed its PAAKLINE marks and copyrighted Works to sell counterfeit and infringing goods. *Id.* ¶ 67.

PAAKline served its Complaint on the Defaulting Defendants in December 2022. Dkt. 21; Dkt. 23; Dkt. 28. The Defaulting Defendants made no appearance and have failed to plead, respond, or otherwise defend this case. On April 5, 2023, the Clerk entered default against the Defaulting Defendants. Dkt. 65.

PAAKline now asks the Court to enter a default judgment enjoining the Defaulting Defendants from selling allegedly counterfeit products and otherwise infringing its trademarks and copyrights. PAAKline also seeks $21.8 million in statutory damages, $49,132.50 in attorneys' fees, and $3,216.52 in costs.

## II.     Legal Standard

Under Rule 55, a default occurs when a defendant fails to plead or otherwise respond to a complaint within the time required. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). After the defendant's default has been entered by the clerk of court, the plaintiff may apply

---

[1] The 124 Defendants are numbered 1-12, 14-16, 18-20, 22, 23, 25-30, 32, 34-41, 43-58, 60-80, 83, 85, 86, 89, 90, 94, 96-98, 100, 101, 104, 105, 107-09, 111, 115, 116, 119, 120, 122-24, 127, 129-32, 135-38, 141, 143, 145, 147, 151-53, 156, 176-79, 181, 182, 187, 188, and 191-93. PAAKline voluntarily dismissed Defendants 59, 112, 142, and 144 after it filed its Motion. Dkt. 69-1; Dkt. 70; Dkt. 71.

for a judgment based on the default. *Id*. Even when the defendant technically is in default, however, a party is not entitled to a default judgment as a matter of right. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). There must be a sufficient basis in the pleadings for the judgment entered. *Nishimatsu Constr. Co. v. Hous. Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975).

After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages. *United States v. Shipco Gen., Inc.,* 814 F.2d 1011, 1014 (5th Cir. 1987); *see also Nishimatsu,* 515 F.2d at 1206 (stating that the defendant, by default, "admits the plaintiff's well-pleaded allegations of fact"). But a default "is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover," and the defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Nishimatsu,* 515 F.2d at 1206.

Entry of a default judgment is within the court's discretion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Under Rule 55(b)(2), a court may hold a hearing to conduct an accounting, determine the amount of damages, or establish the truth of any allegation, but a hearing is unnecessary if the court finds it can rely on detailed affidavits and other documentary evidence to determine whether to grant a default judgment. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). The Court finds that a hearing is unnecessary.

### III. Analysis

In considering any motion for default judgment, a court must examine jurisdiction, liability, and damages. *Rabin v. McClain*, 881 F. Supp. 2d 758, 763 (W.D. Tex. 2012).

### A. Jurisdiction

When a party seeks entry of a default judgment under Rule 55, "the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Sys. Pipe*

*& Supply, Inc. v. M/V VIKTOR KURNATOVSKIY*, 242 F.3d 322, 324 (5th Cir. 2001) (citation omitted). Because PAAKline asserts claims under 15 U.S.C. § 1114, 15 U.S.C. § 1125(a), and 17 U.S.C. § 106, it invokes the Court's original federal question subject matter jurisdiction. 28 U.S.C. § 1331. The Court has supplemental jurisdiction over the state common law claims because they arise out of the same alleged facts such that they "form part of the same case or controversy" as PAAKline's federal claims. 28 U.S.C. § 1367(a); *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008) ("Here, both the federal and state claims on the face of the pleadings concern the same core factual issue.").

A federal court may assert personal jurisdiction if (1) the state's long-arm statute applies, and (2) due process is satisfied under the Fourteenth Amendment to the United States Constitution. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). In Texas, the long-arm statute authorizes exercise of jurisdiction over a nonresident to the full extent compatible with federal due process mandates. *Id.* Personal jurisdiction is proper if two requirements are met:

> First, the nonresident defendant must have purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with that forum state. Second, the exercise of jurisdiction over the nonresident defendant must not offend traditional notions of fair play and substantial justice.

*Felch v. Transportes Lar-Mex SA de CV*, 92 F.3d 320, 323 (5th Cir. 1996) (cleaned up).

To establish "minimum contacts," the defendant must have contacts giving rise to either specific or general jurisdiction. *Id.* at 324. In making a determination of "fairness," courts consider:

> (1) the burden upon the nonresident defendant; (2) the interests of the forum state; (3) the plaintiff's interest in securing relief; (4) "the interstate judicial system's interest in obtaining the most efficient resolution to controversies"; and (5) "the shared interest of the several States in furthering fundamental substantive social policies."

*Bullion v. Gillespie*, 895 F.2d 213, 216 n.5 (5th Cir. 1990) (quoting *Asahi Metal Indus. Co. v. Superior Ct.*, 480 U.S. 102, 112 (1987)). Specific jurisdiction exists when (1) a nonresident

4

defendant has purposefully directed its activities at the forum state, and (2) the litigation results from alleged injuries that arise out of or relate to those activities. *Diece-Lisa Indus., Inc. v. Disney Enters., Inc.*, 943 F.3d 239, 250 (5th Cir. 2019) (citations omitted).

The Court finds that PAAKline has alleged facts sufficient to establish specific personal jurisdiction over the Defaulting Defendants. PAAKline alleges that its injuries arose out of the fact that the Defaulting Defendants "purposefully direct their activities toward and conduct business with consumers" in Texas, "through at least the internet-based e-commerce stores accessible in Texas and operating under their Seller IDs." Dkt. 1 ¶¶ 6-7. PAAKline also alleges that personal jurisdiction is proper under Rule 4(k)(2) because the Defaulting Defendants are "not subject to jurisdiction in any state's courts of general jurisdiction" and "exercising jurisdiction is consistent with the United States Constitution and laws." *Id.* ¶ 8.

Accepting these well-pleaded facts as true, the Court finds that this case arises out of the Defaulting Defendants' contact with Texas and that they purposefully directed their activities to and availed themselves of this forum. The Court also finds that exercise of jurisdiction over the Defaulting Defendants would not be inconsistent with the United States Constitution and laws or "offend traditional notions of fair play and substantial justice." *Felch*, 92 F.3d at 323. The Court therefore has specific personal jurisdiction over the Defaulting Defendants.

**B. Liability**

The Court next considers whether a default judgment is procedurally warranted and the Complaint sufficiently sets forth facts showing that PAAKline is entitled to relief. *United States v. 1998 Freightliner Vin #:1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008).

1. **Default Judgment is Procedurally Warranted**

In determining whether a default judgment is procedurally warranted, district courts consider these six factors:

>   (1) whether material issues of fact are at issue;
>
>   (2) whether there has been substantial prejudice;
>
>   (3) whether the grounds for default are clearly established;
>
>   (4) whether the default was caused by a good faith mistake or excusable neglect;
>
>   (5) the harshness of a default judgment; and
>
>   (6) whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey*, 161 F.3d at 893.

The Court finds that default judgment is procedurally warranted. First, there are no material facts in dispute because the Defaulting Defendants have not filed an answer or any responsive pleadings. *Nishimatsu*, 515 F.2d at 1206 ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact. . . ."). Second, the Defaulting Defendants' "failure to respond threatens to bring the adversary process to a halt, effectively prejudicing [PAAKline's] interests." *J&J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 814 (N.D. Tex. 2015) (citation omitted). Third, the grounds for default are clearly established: The Defaulting Defendants were "properly served and [have] failed to appear and participate at all, much less timely file a responsive pleading," and the clerk has entered default against them. *Can Cap. Asset Servicing, Inc. v. Walker*, No. 1:17-CV-1147-RP, 2019 WL 2298703, at *2 (W.D. Tex. May 30, 2019). Fourth, the Court cannot find a good-faith mistake or excusable neglect because the Defaulting Defendants have failed to appear. Fifth, though PAAKline seeks both monetary damages and injunctive relief, it seeks only that relief to which it is entitled under federal trademark

and copyright law, limiting the harshness of a default judgment. Sixth, "the Court is not aware of any facts that would obligate it to set aside the default if challenged" by the Defaulting Defendants. *Id.* For these reasons, the Court finds that default judgment is procedurally warranted.

### 2. There is a Sufficient Basis for Judgment in the Pleadings

The Court next determines whether there is a sufficient basis in the pleadings for the judgment requested. As stated, PAAKline asserts claims under the Lanham Act, 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a); the Copyright Act, 17 U.S.C. § 106; and for common law unfair competition and trademark infringement.

#### a. Trademark Infringement under 15 U.S.C. § 1114

In its Motion for Entry of Default Final Judgment and supporting Calculation of Damages, PAAKline asserts trademark infringement against each Defaulting Defendant but only asks for an award of damages against one: Antizen, Defendant No. 77, which it indicates sold counterfeit goods under the registered PAAKLINE mark. Dkt. 69 at 10-11, 15; 69-8. PAAKline "respectfully requests the Court's entry of an award of $50,000.00 against the sole Defaulting Defendant who intentionally infringed Plaintiff's mark."

Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), provides, in relevant part:

> (1) Any person who shall, without the consent of the registrant—
>
>   (a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive, . . .
>
> shall be liable in a civil action by the registrant for the remedies hereinafter provided.

PAAKline alleges that:

    (1) It owns valid registrations for the PAAKLINE mark for "a plastic, hand-operated tool, featuring hoop openings on either end, for the specific purpose of cleaning, scraping, and removing excess wet paint from paint roller sleeve covers" in International Class 8, Dkt. 1 ¶¶ 21-24;

    (2) The Defaulting Defendants "are promoting and otherwise advertising, selling, offering for sale, and distributing goods bearing and/or using counterfeits and/or infringements of one or more of" the PAAKLINE marks, and the Counterfeit Goods "are virtually identical in appearance to Plaintiff's genuine goods" but "are different in quality from Plaintiff's goods and are of much lower quality," *id.* ¶¶ 97, 106-07;

    (3) The Defaulting Defendants' actions are likely to cause confusion of consumers . . . who will believe all of Defendants' goods offered for sale on Defendants' e-commerce stores are genuine CleanSleeve goods," originating from PAAKline, *id.* ¶¶ 72, 85; and

    (4) Defendant 77 individually infringed on PAAKline's marks. Dkts. 69 at 15, 69-4 at 63.

By failing to answer, the Defaulting Defendants have admitted these facts. *Nishimatsu*, 515 F.2d at 1206. By defaulting, Defendant 77 concedes PAAKline's allegation that it intentionally used a counterfeit mark. *Nishimatsu*, 515 F.2d at 1206.

PAAKline has shown a sufficient basis for its claim for trademark infringement by the Defaulting Defendants and for its claim for trademark infringement by use of a counterfeit mark as to Defendant 77.

    **b. False Designation of Origin under Lanham Act Section 43(a), 15 U.S.C. § 1125(a)**

Under the Lanham Act, the "elements of trademark infringement and false designation of origin are identical, and the same evidence will establish both claims." *Philip Morris USA Inc. v. Lee*, 547 F. Supp. 2d 667, 674 (W.D. Tex. 2008) (citing *Brookfield Commc'ns Inc. v. W. Coast. Ent. Corp.*, 174 F.3d 1036, 1046 n.6 (9th Cir. 1999). Because PAAKline has shown a sufficient basis for its claim for trademark infringement against the Defaulting Defendants, it also has shown a sufficient basis for its claim for false designation of origin.

### c. Copyright Infringement under 17 U.S.C. § 106

An action for copyright infringement "requires the plaintiff to prove ownership of a valid copyright and copying by the defendant." *Norma Ribbon & Trimming, Inc. v. Little*, 51 F.3d 45, 47 (5th Cir. 1995). "'Ownership' is established by proving the originality and copyrightability of the material and compliance with 'statutory formalities.'" *Allied Mktg. Grp., Inc. v. CDL Mktg., Inc.*, 878 F.2d 806, 810-11 (5th Cir. 1989) (citation omitted). Copying may be established by "showing that the person who composed the defendant's work had access to the copyrighted work and that the defendant's work is substantially similar to the plaintiff's." *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 113 (5th Cir. 1978).

PAAKline alleges that:

> (1) It owns valid copyrights in five promotional photographs showing the CleanSleeve product, which are registered with the Copyright Office, Dkt. 1 ¶¶ 41-42; Dkt. 1-2;
>
> (2) The Defaulting Defendants used "pirated copies of the Copyrighted Marketing Photographs together with denominations and descriptive contents similar to the ones used by [PAAKline]," Dkt. 1 ¶ 68;
>
> (3) The Works are featured in public advertisements such that they were accessible to the Defaulting Defendants, *id.* ¶ 43; and
>
> (4) The Defaulting Defendants individually infringed PAAKline's photographs, as shown in Schedule "A" to the Complaint. Dkt. 1-4.

By failing to answer, the Defaulting Defendants have admitted these facts, and the facts as pleaded by PAAKline establish that it owns copyrights in the Works that were copied by the Defaulting Defendants. *Nishimatsu*, 515 F.2d at 1206. PAAKline has shown a sufficient basis for its claim for copyright infringement under the Copyright Act.

### d. Common Law Trademark Infringement and Unfair Competition

"The issues in a common law trademark infringement action under Texas law are no different than those under federal trademark law." *Philip Morris*, 547 F. Supp. 2d at 678 (quoting *Sport*

9

*Supply Grp., Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 461 (5th Cir. 2003) (citation omitted)); *see also Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 235 n.7 (5th Cir. 2010) ("A trademark infringement and unfair competition action under Texas common law presents essentially no difference in issues than those under federal trademark infringement actions.") (citation omitted). Because PAAKline has shown a sufficient basis for its claim for trademark infringement under the Lanham Act as to the Defaulting Defendants, it also has shown a sufficient basis for its claims for common law trademark infringement and unfair competition.

**C. Relief**

Having found that the motion for default judgment should be granted and judgment entered in favor of PAAKline, the Court must determine appropriate relief. PAAKline seeks a permanent injunction, statutory damages of $21.8 million, and attorneys' fees and costs.

**1. Injunctive Relief**

PAAKline asks the Court to convert the preliminary injunction entered on December 29, 2022, into a permanent injunction with the same terms. Dkt. 37. Lanham Act Section 34(a) permits a court to "grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable, to prevent" trademark infringement or false designation of origin. 15 U.S.C. § 1116(a). "A plaintiff seeking any such injunction shall be entitled to a rebuttable presumption of irreparable harm upon a finding of a violation." *Id.* 17 U.S.C. § 502 also permits a court to "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright."

> Courts apply a four-factor test to determine whether to issue a permanent injunction:
>
>> A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and

10

>       defendant, a remedy in equity is warranted; and (4) that the public
>       interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

The Court finds that the factors weigh in favor of a permanent injunction. First, PAAKline is entitled to a presumption that it has suffered an irreparable injury as to its trademark claims because it has shown a violation of the Lanham Act. Lanham Act Section 34(a), 15 U.S.C. § 1116(a). PAAKline also has established that the Defaulting Defendants have copied the Works, causing irreparable injury. *See Gunshowtees.com, LLC v. Rallis*, No. 1:18-CV-796-RP, 2019 WL 9654864, at *5 (W.D. Tex. June 28, 2019) ("[I]rreparable injury is presumed once copyright infringement is established."). Second, monetary damages would not adequately address the "loss of quality control and damage to [PAAKline's] reputation and goodwill." Dkt. 69 at 6-7. Third, the Court finds that the harm from enjoining the Defaulting Defendants would not outweigh PAAKline's injuries, and a remedy in equity is warranted. Fourth, the Court finds that a permanent injunction would not disserve the public interest.

The Court recommends that the Defaulting Defendants be enjoined from infringing PAAKline's marks and the Works subject to the same terms as the preliminary injunction issued on December 29, 2022. Dkt. 37.

### 2. Statutory Damages

#### a. Statutory Damages under the Lanham Act

PAAKline seeks an award of statutory damages for use of the counterfeit mark by Defaulting Defendant 77 under Lanham Act Section 35(c), 15 U.S.C. § 1117(c), which provides for:

> (1) not less than $1,000 or more than $200,000 per counterfeit mark per type of goods sold, offered for sale, or distributed, as the court considers just; or
>
> (2) if the court finds that the use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just.

A "defendant acts 'willfully' within the meaning of [17 U.S.C. § 504(c)(2)] . . . if he knows his actions constitute an infringement; the actions need not have been malicious." *Broad. Music, Inc. v. Xanthas, Inc.*, 855 F.2d 233, 236 (5th Cir. 1988).

Defendant 77's infringement of PAAKline's mark "can be characterized as deliberate or willful because, by virtue of [its] default, [it] is deemed to have admitted to knowingly and intentionally infringing [PAAKline's] trademark." *Real Est. Edge, LLC v. Campbell*, 1:17-CV-1093-RP, 2019 WL 830966, at *6 (W.D. Tex. Feb. 21, 2019). Although PAAKline is entitled to statutory damages up to the maximum of $2 million, the Court recommends an award of $20,000 for Defendant 77's trademark violation. *See BVE Brands, LLC v. Individuals, P'ships, & Unincorporated Ass'ns Identified on Schedule "A"*, No. 1:22-CV-00278-RP, 2023 WL 5108960, at *6 (W.D. Tex. June 23, 2023), *R. & R. adopted sub nom. BVE Brands, LLC v. Yiwu Dingyi E-Commerce Co.*, 2023 WL 5116551 (W.D. Tex. Aug. 9, 2023) (awarding $20,000 per defendant for online storefront violations). The Court finds this amount to be reasonable and "sufficient to penalize [Defendant 77's] willful conduct and deter [it] and other sellers from infringing trademarked materials in the future." *Id.*

### b. Statutory Damages under the Copyright Act

The Copyright Act permits a plaintiff to recover statutory damages "with respect to any one work . . . in a sum of not less than $750 or more than $30,000 as the court considers just." When copyright infringement is willful, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000 per work. 17 U.S.C. § 504(c)(1-2). A court's discretion to set the award is "virtually unfettered." *Gunshowtees.com*, 2019 WL 9654864, at *4 (quoting *Cullum v. Diamond A Hunting, Inc.*, 484 F. App'x 1000, 1002 (5th Cir. 2012)). A

defendant acts "willfully" under the Copyright Act when the defendant "knows his actions constitute an infringement." *Broad. Music*, 855 F.2d at 326.

PAAKline asks the Court to award statutory damages of $50,000 per Work due to the Defaulting Defendants' willful conduct. Dkt. 69 at 17. PAAKline alleges that each Defaulting Defendant has infringed at least one of the Works and presents evidence sufficient to establish those infringements. *See* Dkt. 69-8; Dkt. 69-2, 3, 4, 5, 6, 7. By defaulting, the Defaulting Defendants "have admitted to knowingly and intentionally infringing" PAAKline's copyrights in its registered photographs. *Real Est. Edge*, 2019 WL 830966, at *6.

The Court finds that PAAKline is entitled to statutory damages for each Work infringed, but given the lack of evidence as to PAAKline's and the Defaulting Defendants' sales, the Court recommends that the District Court award PAAKline $1,000 from each Defaulting Defendant for each work infringed as described in Exhibit 3 to the Motion, Dkt. 69-8, for a total of $415,000. *See BVE Brands*, 2023 WL 5108960 at *7 (awarding $1,000 per work under similar facts).

3. **Attorneys' Fees and Costs**

PAAKline asks the Court to award $49,132.50 in attorneys' fees and $3,216.52 in costs. Dkt. 69 at 18-19. A successful plaintiff is entitled to costs under the Lanham Act and may be awarded costs under the Copyright Act. Lanham Act Section 35(a), 15 U.S.C. § 1117(a); 17 U.S.C. § 505. Lanham Act Section 35(a) permits a court to award attorneys' fees for claims brought under Section 43(a) in "exceptional cases," while the Copyright Act provides that courts "may also award a reasonable attorney's fee to the prevailing party." 17 U.S.C. § 505. In exercising its discretion, a court must make a "particularized, case-by-case assessment," and may use "'several nonexclusive factors' to inform [its] fee-shifting decisions: 'frivolousness, motivation, objective unreasonableness, and the need in particular circumstances to advance considerations of

compensation and deterrence." *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 202 (2016) (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533, 534 n. 19 (1994)). The Court finds that the need to deter future violations warrants an award of attorneys' fees and costs here.

Courts in the Fifth Circuit use the "lodestar method" to calculate an appropriate fee award. *Cruz v. Maverick Cnty.*, 957 F.3d 563, 574 (5th Cir. 2020). The lodestar amount is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, namely, the market rate in the community for the work. *Id.* "[T]here is a 'strong presumption' that the lodestar figure is reasonable." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010). After calculating the lodestar amount, a court may enhance or decrease the amount of fees based on the factors set forth in *Johnson v. Ga. Highway Exp., Inc*. 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989).[2] The party seeking fees has the burden to show the reasonableness of the hours billed and the exercise of reasonable billing judgment. *Walker v. U.S. Dep't of Hous. & Urb. Dev.*, 99 F.3d 761, 769 (5th Cir. 1996).

PAAKline attorney Angela Nieves submitted a statement of time worked on this case:

1. Angela Nieves, Associate: 94.6 hours at $325 per hour ($30,745);
2. Joel B. Rothman, Senior Partner: 7.3 hours at $475 per hour ($3,467.50);
3. Craig A. Wirth, Senior Associate: .7 hours at $375 per hour ($262.50);
4. Layla Nguyen, Associate: 17.2 hours at $325 per hour ($5,590);
5. Jamie C. James, Senior Paralegal: .7 hours at $275 per hour ($192.50);

---

[2] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the issues in the case; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

      6. Christina Tcacisina, Paralegal: 1.2 hours at $200 per hour ($240);

      7. Lena Carballo Alvisa, Paralegal: 7.4 hours at $200 per hour ($1,480);

      8. Lindsey N. Colyer, Paralegal: 26.7 hours at $200 per hour ($5,340);

      9. Tyler Unfer, Legal Assistant: .6 hours at $175 per hour ($105);

      10. Juan Camargo, Legal Assistant: .4 hours at $175 per hour ($70); and

      11. Claire Xiong, Law Clerk: 8.2 hours at $200 per hour ($1,640).

Dkt. 69-9 ¶¶ 8-18; Dkt. 69-10. The total amount requested is $49,132.50.

    PAAKline asks the Court to award fees for 119.8 hours of attorney work and 45.2 hours of paralegal and legal assistant work. Dkt. 69-9 ¶¶ 8-18. The Court finds that the time records submitted by counsel are sufficiently detailed and reasonable for the work done in this case and do not warrant a reduction. The Court also finds that hourly rates of $475 for a senior partner, $375 for a senior associate, and $325 for an associate are reasonable for trademark and copyright infringement cases in the Austin market. *See BVE Brands*, 2023 WL 5108960 at *8 (awarding fees to the same firm at the same or higher rates for similar work); *Aberle*, 2020 WL 4035074, at *5 (awarding fees of $390 per hour in copyright infringement case). As to the paralegal and assistant fees, the Court finds that hourly rates of $275 for a senior paralegal, $200 for a paralegal, $200 for a law clerk, and $175 for a legal assistant are reasonable. *See Johnson v. Mercedes Benz Fin.*, No. A-22-CV-202-LY, 2023 WL 2993038, at *3 (W.D. Tex. Mar. 20, 2023), *R. & R. adopted*, 2023 WL 2993400 (W.D. Tex. Apr. 18, 2023) (awarding paralegal fees of $220 per hour for breach of contract claim).

    Calculating the lodestar amount by multiplying the reasonable rates by the hours worked returns a total award of $49,132.50. After considering the *Johnson* factors, 488 F.2d at 717-19, the Court does not recommend adjusting the lodestar total.

15

PAAKline also asks the Court to hold the Defaulting Defendants jointly and severally liable for its attorneys' fees. Dkt. 69 at 19. A Court may find joint and several liability appropriate when a "there was a 'single indivisible injury,' and each party played a substantial role in the litigation." *Walker*, 99 F.3d at 773. The Court does not find that PAAKline has shown a "single indivisible injury"; instead, the statutory damage calculation shows each Defaulting Defendant's contribution to the harm suffered by PAAKline, and there is no showing that the Defaulting Defendants "acted in concert to produce a single, indivisible injury." *Harper v. Albert*, 400 F.3d 1052, 1061-62 (7th Cir. 2005) (citation omitted).

PAAKline also asks for an award of $3,216.52 in costs, comprising: two $402 filing fees, one for this case and a separate fee dated August 5, 2022; $512.52 in costs for travel to attend a hearing on December 27, 2022; and $1,900 listed as a "Disbursement to Alibaba." Dkt. 69-10 at 23-27. PAAKline is entitled to recover its filing fee under 28 U.S.C. § 1920(1), but it does not explain why it should recover a second filing fee, travel expenses, or a disbursement to a third party. "Attorney travel expenses are not listed in section 1920 and are not recoverable." *Smith W. Tex. Props., Ltd. v. Allied Prop. & Cas. Ins. Co.*, 555 F. Supp. 3d 342, 349 (W.D. Tex. 2021). The Court recommends that PAAKline be awarded $402 in costs.

### IV.    Recommendation

For these reasons, this Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Plaintiff PAAKline, LLC's Motion for Default Judgment against the Defaulting Defendants, **ENTER DEFAULT JUDGMENT** against each Defendant under Rule 55(b), and enter a permanent injunction preventing the Defaulting Defendants from counterfeiting PAAKline's trademarks, using its copyrighted photographs, or using any colorable imitation thereof. The Court further **RECOMMENDS** that the District Court award PAAKline:

(1) $20,000 in statutory damages under 17 U.S.C. § 1117(c) from Defendant 77, Antizen;

(2) $1,000 per work infringed in statutory damages under 17 U.S.C. § 504(c) from the Defaulting Defendants; and

(3) $49,132.50 in attorneys' fees and $402 in costs from the Defaulting Defendants.

It is further **ORDERED** that the Clerk **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the Honorable District Court.

## V.   Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on October 24, 2023.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE