IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PAAKLINE, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:22-CV-1082-DII |
| THE INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | § § § § § § | |
| Defendants. | § § | |

**ORDER**

Before the Court is the report and recommendation from United States Magistrate Judge Susan Hightower concerning Plaintiff PAAKline, LLC's ("Plaintiff") Motion for Default Judgment against Defendants identified on Schedule A to the Complaint numbered 1 to 12, 14 to 16, 18 to 20, 22, 23, 25 to 30, 32, 34 to 41, 43 to 80, 83, 85, 86, 89, 90, 94, 96 to 98, 100, 101, 104, 105, 107 to 109, 111, 112, 115, 116, 119, 120, 122 to 124, 127, 129 to 132, 135 to 138, 141 to 145, 147, 151 to 153, 156, 176 to 179, 181, 182, 187, 188, and 191 to 193[1] (collectively, "Defaulting Defendants"), (Dkt. 69). (R. & R., Dkt. 72). Pursuant to 28 U.S.C. § 636(b) and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Judge Hightower issued her report and recommendation on October 24, 2023. (*Id.*). As of the date of this order, no party has filed objections to the report and recommendation.

Pursuant to 28 U.S.C. § 636(b), a party may serve and file specific, written objections to a magistrate judge's proposed findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure de novo review by the

---

[1] Plaintiff voluntarily dismissed Defendants 59, 112, 142, and 144 after it filed its Motion. (Dkts. 70, 71). Defendants 59, 112, 142, and 144 are therefore not Defaulting Defendants.

1

district court. When no objections are timely filed, a district court can review the magistrate's report and recommendation for clear error. *See* Fed. R. Civ. P. 72 advisory committee's note ("When no timely objection is filed, the [district] court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Because no party has filed timely objections, the Court reviews the report and recommendation for clear error. Having done so and finding no clear error, the Court accepts and adopts the report and recommendation as its own order.

Accordingly, the Court **ORDERS** that the Report and Recommendation of the United States Magistrate Judge, (Dkt. 72), is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for default judgment, (Dkt. 69), is **GRANTED**. Plaintiff is entitled to statutory damages in the amount of $20,000 from Defendant 77, Antizen; statutory damages in the amount of $1,000 for each infringed work against each Defaulting Defendant; attorneys' fees in the amount of $49,132.50 from Defaulting Defendants; $402 in costs from Defaulting Defendants; and a permanent injunction against Defaulting Defendants.

The Court will enter its final judgment in a separate order. To assist the Court in entering its final judgment, **IT IS FINALLY ORDERED** that Plaintiff file a proposed final judgment detailing the statutory damages that it is entitled from each Defaulting Defendant, at the rate of $1,000 for each infringed work. Plaintiff shall file its proposed final judgment on or before December 5, 2023.

**SIGNED** on November 14, 2023.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE